UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Rosen's Diversified, Inc., a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>Agris Corporation, a Delaware corporation,<br><br>Defendant and Counterclaim Plaintiff,<br><br>v.<br><br>RDI Technologies, Inc., Rosen's Diversified, Inc., and Thomas Rosen,<br><br>Counterclaim and Third-Party Defendants. | ) | CIVIL ACTION FILE<br><br>NO. 01-CV-182-DSD/SRN<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, during the discovery conducted in the above-entitled matter, it became necessary for the parties to inquire as to confidential matters not generally discoverable or otherwise available to the public generally;

NOW, THEREFORE, pursuant to the stipulation by and between the subscribing parties hereto through their respective counsel and for good cause shown, IT IS HEREBY ORDERED as follows:

1. Any confidential ("Confidential") information to be disclosed by a party, through the production of documents and things or through testimony at a deposition or otherwise, shall be

FILED JUN 08 2001
FRANCIS E. [illegible], CLERK
JUDGMENT ENTD.
DEPUTY CLERK

designated by the disclosing party as Confidential and shall be considered Confidential pursuant to and for the purposes of this Protective Order and this litigation, unless otherwise ordered by the Court.

2. As used herein, the designation of Confidential shall apply to (a) all documents and things produced or otherwise disclosed by the parties in this litigation, including all copies thereof, where such items are so designated in accordance with the procedures set forth in this Protective Order, and (b) all testimony given in this action by the parties, their officers, directors, agents, employees, and/or testifying experts, whether by deposition or otherwise, including all transcript copies thereof, which a party so designates in accordance with the procedures set forth herein. Such designations shall be made only as to that information that a party in good faith believes contains a trade secret or other protected research, development, financial, or other proprietary commercial information entitled to confidential treatment under applicable law.

3. Any information designated as Confidential pursuant to this Protective Order shall be held in confidence by each person to whom it is disclosed and shall be used by the person who receives such information only in connection with this litigation, including but not limited to (a) pretrial discovery pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure; (b) preparation for any hearings or trial; (c) the trial of this action; and (d) any subsequent appeal.

4. Any information designated Confidential pursuant to this Protective Order shall not be disclosed other than in accordance with the terms hereof and shall not be disseminated to any person other than:

(a) the Court, including stenographers and other necessary personnel;

(b) court reporters and videographers retained for the purpose of recording sworn testimony in the action;

(c) counsel of record for the parties and members of the legal, paralegal, secretarial or clerical staff of such counsel;

(d) any current or former employees, officers or directors of the parties to this action whose testimony or assistance is required in connection with this action, only to the extent necessary to render professional services in this action;

(e) any accountants, economists or other experts retained as consultants or witnesses for a party in connection with this action; and

(f) any other person designated by written agreement between all parties or by subsequent order of the Court after reasonable notice to all parties.

5. ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION IS DISCLOSED ARE HEREBY ENJOINED AND RESTRICTED from disclosing information designated as Confidential to any other person, except as provided herein, and are further enjoined and restricted from using such Confidential information except as permitted herein. No person receiving or reviewing such Confidential information shall disseminate or disclose it, or any portion thereof, to any person, except as provided herein. In no event shall any person receiving or reviewing such Confidential information make any other use of it, except as expressly permitted herein.

6. Any person receiving or reviewing Confidential information pursuant to subsections (d), (e) or (f) of Paragraph 4 of this Protective Order shall be given a copy of this Protective Order and shall acknowledge that he or she has read this Protective Order and agrees to comply with and be bound by its terms by executing the Recital and Acknowledgment attached as Exhibit A to this Protective Order. Each executed Recital and Acknowledgment shall be maintained by the counsel for the party disclosing the Confidential information, and copies of the executed Recitals and Acknowledgments shall be provided to the counsel for any other party upon written request.

7. Confidential information in documentary or written form shall be designated as such by marking each page of the document or writing so designated as "CONFIDENTIAL". The designation of "CONFIDENTIAL" shall be plainly legible on each page of each document so designated. In lieu of marking the original of the documents, the designating party may mark the copies that are produced or exchanged.

8. Confidential tangible information in other than documentary form (i.e., CDs, cassettes, diskettes, etc.) shall designated as such by stamping or clearly labeling each such item as "CONFIDENTIAL".

9. With respect to depositions, the designation of testimony as "CONFIDENTIAL" shall be made either (a) on the record during the day of the deposition at which the Confidential information is disclosed or, alternatively, (b) in writing within ten (10) calendar days after receipt of the transcript of the testimony in question.

If a party designates testimony as "CONFIDENTIAL" on the day of the deposition at which the Confidential information is disclosed, the party making such designation shall advise the reporter at the time of such designation as to those portions of testimony to be treated as Confidential information. The reporter shall transcribe separately and bind those portions of the testimony so designated as "CONFIDENTIAL" and shall mark the face of the separately bound transcript "Confidential Information – Subject to Protective Order."

All deposition testimony shall be treated as designated "CONFIDENTIAL" until the ten (10) day period following receipt of the transcript has expired. Upon the expiration of the ten (10) day period, if no designation of "CONFIDENTIAL" has been made prior to such time, then such testimony shall not be treated as Confidential information thereafter.

10. In the event a party wishes to use Confidential information in any affidavits, briefs, memoranda of law or other papers filed or submitted in this litigation, such materials so filed shall be submitted to the Court in an envelope under seal, and the envelope shall include on its face the statement "Confidential Information — Subject to Protective Order." Such materials shall be treated in accordance with the provisions contained herein relating to Confidential information.

11. In the event that a party wishes to submit to the Court any deposition transcripts, or portions thereof, designated as including Confidential information, the portions of the transcripts so designated as "CONFIDENTIAL" shall be submitted to the Court in an envelope under seal, and the envelope shall include on its face the statement "Confidential Information - Subject to Protective Order".

12. A party's use for any purpose of its own documents, information or other things containing Confidential information, which it produces or discloses in this litigation, shall not be considered a violation of this Protective Order.

13. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as "CONFIDENTIAL" consents to such disclosure or if the Court, after notice to all affected parties, orders such disclosure.

14. A party shall not be obligated to challenge the propriety of a designation by the other party of "CONFIDENTIAL" at the time such designation is made, and a failure to make any such challenge shall not preclude a subsequent challenge by such party to such designation. A party, upon notice, may submit a motion to the Court to remove or to challenge the designation of "CONFIDENTIAL" with respect to any specified documents, testimony or any other thing, or any portion thereof, provided, however, that the parties must first confer in a good faith effort to resolve the matter without intervention by the Court. If challenged by motion, the designation of "CONFIDENTIAL" shall be sustained by the Court for good cause shown, in accordance with the standards of applicable law, and the party making such designation shall have the burden of proof thereon.

Furthermore, a party, upon notice, may submit a motion to the Court to permit the disclosure of specified documents, materials, testimony or any other thing, or any portion thereof, designated as "CONFIDENTIAL" to specified persons for specified purposes, provided, however, that the

parties must first confer in a good faith effort to resolve the matter without intervention by the Court, and the moving party shall have the burden of showing good cause therefor.

15. A party shall have the right at any time to move for a modification or amendment of this Protective Order or to move for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.

16. The use of any Confidential information or materials so designated at any trial of this case or at any hearing or appeal in connection therewith shall be as determined by the Court.

17. The parties shall have thirty (30) days from the effective date of this Protective Order to designate information and documents produced prior to the effective date of the Order as "CONFIDENTIAL".

18. In the event that a party inadvertently discloses or produces its own Confidential documents or information without designating such documents or information as "CONFIDENTIAL," the disclosing or producing party may later designate such documents or information as "CONFIDENTIAL," whereupon the recipient(s) of such Confidential information will be prospectively bound by the terms of this Protective Order with respect to such documents or information.

19. In the event that a party inadvertently produces to any other person or entity any information that is privileged, in whole or in part, pursuant to the attorney-client privilege, work-product doctrine, or other applicable privilege, the privileged material may be retrieved by the producer or originator by giving written notice to all parties who received copies of the produced

materials. Upon receipt of such notice, all other persons or entities that have received a copy of the inadvertently produced material shall return any privileged material to the producing party and destroy any copies of privileged documents and any documents repeating or discussing the contents of the privileged documents. The terms of this Paragraph shall not be deemed a waiver of a party's right to contest the producing party's designation of the material as privileged, nor shall such inadvertent production of a document that is subsequently retrieved pursuant to this Paragraph be deemed to be a waiver of the claim of privilege asserted.

20. Within thirty (30) days after the final disposition of this action, including all subsequent appeals, any person in possession of Confidential information, including, without limitation, any copies, extracts or summaries thereof, shall return such information and documents to the party originally producing them or, alternatively, shall destroy all such information and documents, and all copies thereof, and confirm in writing to the opposing counsel of record that all such information and documents have been destroyed. This provision is not intended to preclude counsel for the parties from retaining their attorney work product and all documents submitted to the Court.

21. The provisions and obligations of this Protective Order shall not terminate at and shall survive the conclusion of this litigation.

22. In the event that anyone subject to this Protective Order (the "Recipient") is subpoenaed in another action or is served with a demand in another action to which the Recipient is a party, and the subpoena or demand seeks documents, information or other material that was

produced or designated as "CONFIDENTIAL" by a party other than the Recipient, the Recipient shall object to its production by giving notice of the existence and restrictions of this Protective Order and shall give prompt written notice of such subpoena or demand to the party designating such documents, information or other material as "CONFIDENTIAL." If, after complying with the terms of this Paragraph the Recipient is ordered by the court of law to produce or provide such documents, information or materials, the Recipient shall not be deemed to violate this Protective Order by disclosing or producing the Confidential information in accordance with a court order.

SO ORDERED this 8th day of June, 2001.

Susan Richard Nelson
United States Magistrate Judge

**CONSENTED TO BY:**

Dated: June 7, 2001

**MASLON EDELMAN BORMAN & BRAND, LLP**

By: ______________________________

Justin H. Perl (#151397)
Kai H. Richter (#0296545)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Telephone: (612) 672-8200
Facsimile: (612) 672-8397

Donald A. Loft
MORRIS, MANNING & MARTIN, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road Northeast
Atlanta, GA 30326
Telephone: (404) 233-7000

**ATTORNEYS FOR DEFENDANT AND PLAINTIFF IN COUNTERCLAIM AGRIS CORPORATION**

Dated: 6/6/01

**FELHABER, LARSON, FENLON & VOGT, P.A.**

By: ______________________________

David L. Hashmall (#138162)
Suite 4200
601 Second Avenue South
Minneapolis, MN 55402-4302
Telephone: (612) 339-6321

**ATTORNEYS FOR PLAINTIFF AND COUNTERCLAIM AND THIRD-PARTY DEFENDANTS ROSEN'S DIVERSIFIED, INC., RDI TECHNOLOGIES, INC., and THOMAS ROSEN**

**RECITAL AND ACKNOWLEDGMENT**

I hereby acknowledge and affirm that I have received a copy of the foregoing Protective Order, that I have read the Protective Order and understand the terms contained therein and that I agree to comply with and be bound by all of its terms and provisions.

Signature: ______________________________

Print Name: ______________________________

Date: ______________________________

146994.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
   - Action/case number
   - Brief action/case title
   - Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
   - The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.