UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-182(DSD/SRN)

Rosen's Diversified, Inc., a Minnesota corporation,

Plaintiff,

v. **ORDER**

Agris Corporation, a Delaware corporation,

Defendant and Counterclaim Plaintiff,

v.

RDI Technologies, Inc., a/k/a Rosen's, Inc., Rosen's Diversified, Inc., and Thomas Rosen,

Counterclaim and Third-Party Defendants.

David L. Hashmall, Esq. and Felhaber, Larson, Fenlon & Vogt, 4200 First Bank Place, 601 Second Avenue South, Minneapolis, MN 55402-4302, counsel for plaintiff and counter-defendant and third-party defendant Thomas Rosen.

Justin H. Perl, Esq. Margaret C. Hobday, Esq., Kai H. Richter, Esq. and Maslon, Edelman, Borman & Brand, 3300 Norwest Center, 90 South Seventh Street, Minneapolis, Minneapolis, MN 55402-4140; and Donald A. Loft, Esq. and Morris, Manning & Martin, 3343 Peachtree Road N.E., Suite 1600, Atlanta, GA 30326, counsel for defendant.

This matter is before the court on third-party defendant Thomas Rosen's motion to dismiss or, in the alternative, for summary judgment. Based upon a review of the file, record and

(25)

FILED 7-6-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd 7-6-01
Deputy Clerk's Initials

proceedings herein, and for the reasons stated below, the court grants the motion.

## BACKGROUND

Plaintiff, Rosen's Diversified, Inc. ("Rosen's Diversified"), is a Minnesota corporation with its principle place of business in Fairmont, Minnesota. Rosen's Diversified was the sole shareholder of third-party defendant RDI Technologies, Inc. ("RDI"), a dissolved Minnesota corporation. Prior to the sale of its assets, RDI was engaged in the business of selling software to agricultural businesses and was a major competitor of defendant Agris Corporation ("Agris"). Agris is a Delaware corporation with its principle place of business in Georgia. Thomas Rosen ("Rosen") was the principal shareholder, chief executive officer and secretary of Rosen's Diversified. Rosen was also the chief executive officer of RDI.

On or about February 2, 1999, Agris, RDI, Rosen's Diversified and Rosen executed an Asset Purchase Agreement, dated February 2, 1999 (the "Agreement"). The Agreement provided for the sale of the assets of RDI to Agris. Specifically, pursuant to the Agreement, Agris, noted as "Purchaser", agreed to purchase all of the assets related to RDI's agricultural software business. RDI, noted as

"Seller", was the wholly-owned subsidiary of Rosen's Diversified, which was referred to as "Parent." Thomas Rosen, individually, was referred to as "Principal."

On or about January 31, 2001, Rosen's commenced this action seeking a declaratory judgment that any alleged breach of the Agreement as claimed by Agris was baseless and legally barred. Agris responded with, among other things, a counterclaim against Thomas Rosen, individually, alleging that he had breached certain representations and warranties that he purportedly made in the Agreement.

Section 4.0 of the Agreement set forth certain representations and warranties which in relevant part provide:

> 4.0 Representations and Warranties of Seller. In order to induce Purchaser to enter into this agreement and to consummate the transactions contemplated hereunder, Seller and Parent, jointly and severally, make the following representations and warranties:

Among "the following representations and warranties" are sections 4.8 and 4.15.2, which state:

> 4.8 Litigation Involving Seller. There are no actions, suits, claims, governmental investigations, or arbitration proceedings pending or, to the best knowledge of the Seller, Principal and Parent, threatened against or affecting seller or any of the Purchased Assets and, to the best knowledge of the Seller, Principal and Parent, there is no basis for any of the foregoing. There are no outstanding orders, decrees or stipulations, issued by any federal, state, local or foreign

> judicial or administrative authority in any proceeding related to any Purchased Assets to which Seller is or was a party. ...
>
> 4.15.2 Each of the Material Contracts listed on Schedule 4.15.1 is a legal, valid and binding agreement enforceable by and against Seller in accordance with its terms and is in full force and effect. Except as otherwise disclosed on Schedule 4.15.1, neither Parent, Principal nor Seller has received any written notice of cancellation or termination under any option or right reserved to the other party to any material contract or any notice of default under such agreement. Except as otherwise disclosed on schedule 4.15.2, Seller is not and, to the knowledge of Seller, Principal and Parent, no other party is, in breach of default of any material contract.

Third-party defendant Thomas Rosen asserts that the language of the Agreement clearly establishes that he made no representations and warranties in his individual capacity, and therefore, any third-party complaint for actions arising from his purported breach must be dismissed. Agris counters that this language can be construed to reflect that Rosen, in his individual capacity, made certain representations and warranties that Agris now claims he has breached. For the following reasons, the court believes that any reading of the plain and unambiguous terms of the Agreement supports the position of Rosen. The third-party complaint as it pertains to Rosen, individually, must be dismissed since Agris has failed to state a claim for breach of contract.

## DISCUSSION

### A. Standard of Review

Third-party defendant Thomas Rosen moves to dismiss pursuant to Rule 12(b)(6) or alternatively Rule 56 of the Federal Rules of Civil Procedure.

Rule 12(b)(6) provides, in relevant part, that a party may move to dismiss for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In assessing a Rule 12(b)(6) motion, the court must consider all factual allegations contained in the third-party complaint to be true and all possible inferences must be made in favor of plaintiff. Conley v. Gibson, 355 U.S. 41, 45 through 46 (1957). In considering a motion to dismiss, a court should not accept unsupportable conclusions. See Rogan v. Menino, 175 F.3d 75, 76 (1st Cir. 1999). Under Fed. R. Civ. P. 12(b)(6), a claim will be dismissed where it appears beyond doubt that the pleader can prove no set of facts entitling him to relief. McCormack v. Citibank, 979 F.2d 643, 646 (8th Cir. 1992). Id. Materials attached to a pleading as exhibits may be considered in construing the sufficiency of the pleading. Mortin v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

Rosen has also moved for summary judgment. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of

demonstrating to the court that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 250.

On a motion for summary judgment, the court views the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences without assessing credibility. See Miller v. Nat'l Cas. Co., 61 F.3d 627, 628 (8th Cir. 1995). However, the nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a party cannot support each essential element of its claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. See id. at 322-23.

**B. Rosen Made No Representations and Warranties**

After a careful review of the third-party complaint of Agris, including the attached exhibit containing the Agreement at issue, the court concludes that third-party defendant Rosen should be granted his motion to dismiss since the complaint fails to state a claim upon which relief can be granted. The plain language of the

Agreement in dispute clearly reflects that all representations and warranties were made by the Seller and Parent and not by third-party defendant Rosen in his individual capacity. Where the language of a contract is plain and unambiguous, the terms of a contract must be given an interpretation of ordinary meaning. See Akron Pest Control v. Radar Exterminator Co., 216 Ga. App. 495, 497, 455 S.E.2d 601, 602 (1995).[1]

In the present case, the terms of the Agreement are clear and unambiguous. The Agreement expressly states in section 4.0 that "*the following* representations and warranties" are made by the "Seller and Parent" [emphasis added]. The Agreement then goes on to describe these representations and warranties in greater detail. Section 4.0 is clearly the operative provision of this article and directly controls and applies to the provisions that follow in sections 4.8 and 4.15.2.[2] The claim of Agris that section 4.8 and 4.15.2 somehow create separate representations and warranties made by Rosen individually, is a conclusion that can only be reached by ignoring the plain and unambiguous language of section 4.0.

Any reference in sections 4.8 and 4.15.2 to third-party defendant Rosen as Principal merely reflects that the representations and warranties made by the Seller and Parent are

---

[1] The court notes that pursuant to its express terms, this Agreement is governed by Georgia law.

[2] The court also notes that this conclusion is further supported by the fact that section 4.0 ends with a colon.

based upon the knowledge of Rosen. It does not render them independent representations and warranties of Rosen.[3] Put differently, when Seller and Parent make representations and warranties with regard to the knowledge of Rosen, those representations and warranties are not transformed into representations and warranties made by Rosen.

The court therefore concludes that any legal claims arising from the purported breach of any supposed representations and warranties made by the principal Rosen are unsupported by the plain language of the Agreement. The motion to dismiss must be granted since Agris has failed to state a claim as to this third-party defendant.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion of third-party defendant Thomas Rosen to dismiss is granted and the third-

[3] Additionally, section 8.1 of the Agreement provides that Seller and Parent, with no reference to Principal, will indemnify and hold Purchaser harmless from among other things, damages resulting from any inaccurate representations or warranties made by the Seller in or pursuant to this Agreement. The court concludes that this language makes it plain that section 4.0 is intended to reflect that the representations and warranties are made by Seller and Parent and not Rosen individually. See Wickliffe v. Wickliffe Co., 227 Ga. App. 432, 489 S.E.2d 153 (1998) (holding that where purchase agreement did not require individual to indemnify or hold company harmless, action for breach of contract must fail).

party complaint of Agris against him is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 6, 2001

David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd